STATE OF WISCONSIN        CIRCUIT COURT        MILWAUKEE COUNTY

12CV009559

Karl Knutson and Ali Kopyt-Knutson
1006 E. Auer Ave.
Milwaukee, WI 53212,

                    Plaintiffs,

vs.

Sundance Vacations N.A., Inc.
264 Highland Park Blvd.
Wilkes-Barre, PA 18702,

                    Defendant.

HON. KEVIN E. MARTENS, BR. 27
CIVIL M

Civil Action No.: _____
Case Code: 30303

Classification: Other Judgments

FILED AND
AUTHENTICATED
AUTHENTICATED
AUG 2 8 2012
AUG 2 8 2012
JOHN BARRETT
JOHN BARRETT

**SUMMONS**

**THE STATE OF WISCONSIN, To each person named above as a defendant:**

　　　　You are hereby notified that the plaintiff named above has filed a lawsuit or other

legal action against you.  The complaint, which is attached, states the nature and basis of

the legal action.

　　　　Within forty-five (45) days of receiving this summons, you must respond with a

written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the

complaint.  The court may reject or disregard any answer that does not follow the

requirements of the statutes.  The answer must be sent or delivered to the Court, whose

address is: Milwaukee County Courthouse, 901 North Ninth Street, Milwaukee

Wisconsin 53233, and to Attorney DeVonna Joy, plaintiff's attorney, whose address is:

Consumer Justice Law Center, S74 W17065 Janesville Rd., PMB 256, Muskego

CORNICIONE DEVELOPMENT, LLC, )
                                 )
                                 )
       Plaintiff, )
                                 )
v. )    Case No.
                                 )    2:12-CV-00323-LA
SUNDANCE VACATIONS N.A., INC. )
f/k/a SUNQUEST VACATIONS, INC. )
                                 )
                                 )
       Defendant. )

## CIVIL LOCAL RULE 7.1 DISCLOSURE STATEMENT

The undersigned, counsel of record for Sundance Vacations N.A., Inc. f/k/a Sunquest Vacations, Inc. ("Sundance"), furnishes the following information in compliance with Civil L.R. 7.1 and Fed. R. Civ. P. 7.1:

1.   The full name of every party represented by the undersigned is Sundance Vacations N.A., Inc. f/k/a Sunquest Vacations, Inc.;

2.   No publicly held corporation owns 10% or more of Sundance's stock; Sundance's parent corporation is Getaways, Inc.;

3.   Attorneys from the law firm of Hinshaw & Culbertson, LLP will appear for Sundance in this action.

[Mike to insert signature block and certificate of service]

Wisconsin, 53150 OR Consumer Justice Law Center, P.O. Box 51, Big Bend, WI 53103-0051. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced against you as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 27th day of August, 2012.

DeVonna Joy
SBN 1018939
Attorney for Plaintiff

Consumer Justice Law Center, LLC
P.O. Box 51
Big Bend, WI 53103-0051
Phone: 262-662-3982
Fax: 262-682-4553 (by permission only; phone first)
E-mail: djlaw@wi.rr.com

For UPS or Federal Express:
Consumer Justice Law Center, LLC
S74 W17065 Janesville Rd.
PMB 256
Muskego, WI 53150

2

STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE COUNTY

12CV009559

Karl Knutson and Ali Kopyt-Knutson
1006 E. Auer Ave.
Milwaukee, WI 53212,

          Plaintiffs,

vs.

Sundance Vacations N.A., Inc.
264 Highland Park Blvd.
Wilkes-Barre, PA 18702,

          Defendant.

Civil Action No.: _____
Case Code: 30303

Classification: Other Judgments

FILED AND
AUTHENTICATED

AUG 2 8 2012

JOHN BARRETT
Clerk of Circuit Court

## COMPLAINT

## INTRODUCTION

This lawsuit arises from the false, deceptive, and misleading representations made to Plaintiffs by Sundance Vacations N.A., Inc. ("Sundance") following a direct marketing scheme to sell a condominium vacation package (timeshare) for thousands of dollars. Sundance also failed to provide Plaintiffs with the promised prizes used to lure them to attend the sales pitch. Sundance violated the Wisconsin Consumer Act, the Prize Notice Statute, the Wisconsin Timeshare Act (Chapter 707), and other consumer protection statutes and the Wisconsin Administrative Code. Plaintiffs are entitled to cancellation and/or rescission of the contract, compensatory, statutory and punitive damages, plus declaratory and injunctive relief, as well as reasonable attorney's fees and costs incurred in prosecuting this lawsuit.

## PARTIES

1.      Plaintiffs Karl Knutson and Ali Kopyt-Knutson are citizens of the State of Wisconsin residing at 1006 E. Auer Ave, Milwaukee, WI 53212 in Milwaukee County.

2.      At all relevant times, defendant Sundance Vacations N.A., Inc. ("Sundance") was a Pennsylvania corporation with a principal office located at 264 Highland Park Blvd., Wilkes-Barre, PA 18702.

3.      At all relevant times, Sundance was a seller of condominium vacation packages in several states, including Wisconsin. Sundance regularly engaged in such business.

4.      At all relevant times, Sundance was a seller of consumer credit relating to the condominium vacation packages sold to consumers in several states, including Wisconsin. Sundance regularly engaged in such business.

5.      At all relevant times, Sundance's sales staff acted as agents on behalf of Sundance with respect to the parties' transactions described in this complaint.

## FACTUAL ALLEGATIONS

6.      As part of its marketing efforts, Sundance offers travel-related premiums to potential customers willing to attend a sales presentation. Those premiums vary, but have included tickets to Brewers' games and vouchers for overnight stays in Chicago.

7.      Sometime in or about June 2008, Sundance telephoned the plaintiffs ("the telephone solicitation") and advised Karl Knutson that plaintiffs had been specially

2

chosen to win tickets to a Brewers game and a hotel stay in Chicago.

8.      Sundance advised Mr. Knutson that in order to receive his prizes, plaintiffs had to attend an in-person presentation in Brookfield.

9.      In the telephone solicitation, Sundance failed to advise Mr. Knutson that it was offering or promoting the sale of consumer goods or services.

10.      In the telephone solicitation, Sundance failed to advise Mr. Knutson of the nature of the consumer goods or services it was selling or promoting.

11.      In the telephone solicitation, Sundance misrepresented that plaintiffs would receive tickets to a Brewers' game and a free vacation hotel stay in Chicago when they attended an in-person presentation.

12.      In the telephone solicitation, Sundance failed to disclose any costs or conditions necessary to receive or use the free goods or services.

13.      On or about June 25, 2008, the plaintiffs attended a sales presentation in Brookfield, WI.

14.      Prior to arriving at the sales presentation, the plaintiffs were not informed of the specific purpose of the presentation, nor was they told that they would be solicited for the sale of vacation timeshare interests.

15.      The plaintiffs did not receive the Brewers game tickets promised, either before or after the sales presentation.

3

16. The plaintiffs did not receive a free vacation in Chicago as promised, either before or after the sales presentation.

17. After listening to the sales presentation, Sundance gave the plaintiffs a voucher for a hotel stay in Chicago that had costs and various restrictions associated with this allegedly "free" prize. As a result, plaintiffs were unable to use the promised "free" vacation in Chicago.

18. The premiums promised to plaintiffs by Sundance constituted a "prize" within the meaning of § 100.171(1)(a), Wis. Stats.

19. Sundance failed to provide plaintiffs with a written prize notice under § 100.171, Wis. Stats.

20. Sundance requested and accepted payment from plaintiffs without providing them a written prize notice in accordance with § 100.171(2) and (3), Wis. Stats.

21. Sundance failed to deliver plaintiffs' promised prize of the Brewers' tickets at any time.

22. Sundance failed to provide plaintiffs at any time with any other prize, voucher, certificate or the verifiable retail value of the Brewers' tickets prize in the form of cash, a money order or certified check.

23. Sundance failed to deliver plaintiffs' promised prize of a free two-night vacation stay in Chicago, but instead provided plaintiffs only with a document for a hotel stay in Chicago which identified costs and restrictions to be able to use this free prize.

4

24. During the sales presentation on June 25, 2008, Sundance's representative made a group sales presentation to plaintiffs and a number of other people.

25. After the initial group presentation, a Sundance sales representative made a high-pressure individual sales pitch to solicit plaintiffs to buy Sundance's product and/or services, lowering the price and promising to add the "Excess Inventory" opportunity as a perk if plaintiffs would sign the contract that day.

26. During the June 25, 2008 sales presentation, Sundance's sales staff made the following representations among others, to plaintiffs, about the product and/or services offered:

> A. That the product was "timeshare-style" and were nice suites with full kitchens, bedroom(s), and a pull-out bed to accommodate families and/or friends;
>
> B. That all of the properties were "four star" accommodations located nationwide;
>
> C. That the price, incentives, and discounts offered were available only for the remainder of the day;
>
> D. That Sundance had an "Excess Inventory" ("EI") program which was a special perk that would only be available to plaintiffs if they purchased that day;

5

E.   That the EI program was a list of unused or unbooked condominiums for that week which were "too late" to book as a standard vacation week but would be available to plaintiffs for a cost of $99 to plaintiffs if they bought that day;

F.   That the plaintiffs could sell their weeks to friends or family and make money on their weeks;

G.   That Sundance was adding properties all the time to their network and would soon be adding properties in the Pacific Northwest area of the country, which was the specific area to which plaintiffs expressed interest in traveling;

H.   That the vacation weeks were very easy to book and to use; and

I.   That the plaintiffs could easily sell the vacation package if they ever decided to do so.

27.   The representations of ¶ 26 were false, deceptive and misleading.

28.   The representations of fact made by Sundance which are described above and elsewhere in this complaint were untrue, deceptive and misleading.

29.   The misrepresentations described above and elsewhere in this complaint were material to plaintiffs' decision to buy Sundance's product.

30.   The misrepresentations described above and elsewhere in this complaint were made to induce the sale of their product to the plaintiffs.

6

31.    The plaintiffs reasonably relied that the statements Sundance told them during the sales presentations (described above) were true.

32.    Based upon and in reliance of the representations made to them at the sales presentation, plaintiffs bought the vacation package from Sundance on June 25, 2008 for $8,5000.00, plus an annual fee and maintenance fees for 20 weeks of vacation accommodations.

33.    Plaintiffs were presented with a number of documents to sign and initial at the sales presentation.  They were not encouraged to read them, but were instead told where to sign and initial the documents.

34.    On one of the documents that plaintiffs were asked to complete and sign, the "Consumer Disclosure Acknowledgment," Question 10 asked plaintiffs "are there any agreements or promises, including, but not limited to guarantees for specific vacations that were made by any representative of Sundance Vacations NA that are not in writing."

35.    Plaintiffs answered "yes" to question No. 10 on the "Consumer Disclosure Acknowledgment," and were then instructed  by the Sundance representative to change that answer to "No", even though a "No" answer did not reflect the truth.

36.    On June 25, 2008, plaintiffs paid Sundance $400 as a down payment via their debit card.

37.    Plaintiffs financed the $8,100.00 balance of the purchase through a retail installment contract, naming Sundance as creditor/seller, for a total sale price of

7

$11,660.32.

38. The purchase at issue was made for personal, family, or household purposes.

39. Sundance stamped "Sundance Vacations no cancellations/no refunds" on plaintiffs' payment receipt.

40. When Plaintiffs later tried to use the Excess Inventory program, they was unable to do so as represented, because properties were not available, even when the plaintiffs would attempt to book the properties immediately upon being notified of their availability.

41. Plaintiffs learned that, contrary to what they had been told, the procedure was not as easy as simply calling up at the last minute and booking the unsold properties, because the properties were never available no matter how quickly plaintiffs acted.

42. Plaintiffs have used the vacation property associated with Sundance and its associated exchange network, Travel Advantage Network ("TAN"), only one time since they bought the product in June, 2008.

43. In October 2010, plaintiffs went to a vacation location in Ventnor, New Jersey using a Sundance week.

44. Instead of the "timeshare-style" suite that was promised to them in the Sundance presentation, the Ventnor location did not have separate rooms or a kitchenette. Instead, it was a small, one-room motel room with a coffee maker and hot plate.

8

45.     While at the Ventnor location, plaintiffs complained to the management about the accommodations and were then given a suite, but had to pay additional money.

46.     Under their agreement with Sundance, plaintiffs should not have had to pay additional money for a suite, because the package plaintiffs purchased was for these precise style of condominium vacation accommodations (i.e., a multi-room "suite"), as promised in the sales presentation.

47.     After they realized that they were unable to use the product as promised, plaintiffs contacted Sundance in or about October 2009 and tried to cancel the purchase, but were told that there were no cancellations permitted.

48.     Sundance refused to cancel the plaintiffs' contract, but instead lowered plaintiffs' monthly payment for a lesser amount of total weeks, so that they would only have 12 weeks instead of 20.

49.     When plaintiffs requested written confirmation of the contract modification, Sundance failed and refused to provide it, stating that Sundance had it (i.e., the new contract information) in "their system."

50.     Plaintiffs paid a $400 down payment on the contract on June 25, 2008, and made monthly payments of $134.05 from August 1, 2008 through September 1, 2009, and then monthly payments of $58.81 since then until May 1, 2012, plus maintenance fees.

51.     On May 1, 2012, plaintiffs demanded in writing that Sundance cancel their contract due to misrepresentations, and they stopped paying on the contract.

9

52.     Sundance has been unwilling to honor plaintiffs' cancellation and has continued to send plaintiffs bills and make debt collection communications to plaintiffs.

53.     Plaintiffs complained to the Wisconsin Department of Agriculture, Trade and Consumer Protection ("DATCP") about their experience with Sundance.

54.     After plaintiffs made their DATCP complaint, Sundance advised plaintiffs that it would cancel plaintiffs' contract only if plaintiffs signed a document Sundance called a "Confidential Termination and Release Agreement."

55.     Plaintiffs are unwilling to sign Sundance's confidentiality agreement, and consumer protection laws do not require them to do so in order to avail them of the remedies where a business has violated consumer laws, as here.

56.     Sundance's failure to honor plaintiffs' cancellation notice was a violation of the Wisconsin Timeshare Act.

57.     On August 21, 2012, plaintiffs sent Sundance another written confirmation of their cancellation notice, via certified mail, to the address listed in the caption of this complaint.

58.     Sundance knew of plaintiffs' inability to receive benefits, goods and/or services that plaintiffs properly anticipated based upon the representations made to them in the sales presentation.

59.     The condominium vacation package is a "timeshare" within the meaning of Chapter 707 of the Wisconsin Consumer Act.

10

60.    There was a gross disparity at the time of contracting between the price of the timeshare and plaintiffs' ability to obtain the benefits, goods and/or services.

61.    The terms of the Sundance contract required plaintiffs to waive legal rights they are entitled to under Chapter 707, Wis. Stats. and the Wisconsin Consumer Act, including without limitation, cancellation rights.

62.    The natural effect of the sales presentation made to plaintiffs reasonably caused or aided plaintiffs in misunderstanding the true nature of the contract.

63.    On June 25, 2008, Sundance took or arranged for plaintiffs to sign an instrument that provided for the payment by plaintiffs of attorney fees.

64.    The contract between the parties was a "consumer credit transaction" under § 421.301(1), Wis. Stats., and the Wisconsin Consumer Act applies to this transaction.

65.    Sundance's contract had provisions for "default" contrary to and in violation of § 425.103, Wis. Stats.

66.    Sundance's contract provided for charges for alleged default in violation of § 422.413, Wis. Stats.

67.    The writing purporting to evidence the parties' agreement contained terms or provisions or practices prohibited by law, including the Wisconsin Timeshare Act and the Wisconsin Consumer Act.

68.    Sundance has used contracts that violate Wisconsin law as part of a pattern and practice for several years, despite being put on notice that those contracts are illegal.

11

69. Sundance acted at all times intentionally, with a disregard of plaintiffs' rights.

70. Plaintiffs have suffered damages as a result of Sundance's acts and omissions, and are entitled to compensatory, statutory, and punitive damages, as well as costs and reasonable attorney's fees for prosecuting this action.

## Claim No. 1 - Violation of § 100.171 - Prize Notice Statute

71. Plaintiffs reallege and incorporate by reference all of the allegations of the preceding paragraphs.

72. As to Karl Knutson, Sundance violated § 100.171, Wis. Stats., including without limitation: §§ 100.171(2), (3), (4) and (5) with respect to the Brewers' game tickets.

73. As to Ali Koypt-Knutson, Sundance violated § 100.171, Wis. Stats., including without limitation: §§ 100.171(2), (3), (4) and (5) with respect to the Brewers' game tickets prize.

74. As to Karl Knutson, Sundance violated § 100.171, Wis. Stats., including without limitation: §§ 100.171(2), (3), (4) and (5) with respect to the Chicago 2-night vacation prize.

75. As to Ali Koypt-Knutson, Sundance violated § 100.171, Wis. Stats., including without limitation: §§ 100.171(2), (3), (4) and (5) with respect to the Chicago 2-night vacation prize.

12

76. Upon information and belief, Sundance violated other provisions of § 100.171, Wis. Stats.

77. Each of the plaintiffs are entitled to the remedies and penalties of § 100.171(5), including compensatory and/or statutory damages for each violation, costs and reasonable attorney's fees.

## Claim No. 2 - Violation of § 100.20, Wis. Stats. and Wisconsin Administrative Code ATCP § 127, Direct Marketing

78. Plaintiffs reallege and incorporate by reference all of the allegations of the preceding paragraphs.

79. Sundance violated ATCP §§ 127.04, 127.06, 127.08, 127.14.

80. Upon information and belief, Sundance violated other provisions of the Direct Marketing Code, ATCP § 127.

81. Pursuant to ATCP § 127 and § 100.20, Wis. Stats., plaintiffs are entitled to double their pecuniary loss, plus costs and reasonable attorney's fees of the action.

## Claim No. 3 - Violation of Chapter 707, Wisconsin Timeshare Act

82. Plaintiffs reallege and incorporate by reference all of the allegations of the preceding paragraphs.

83. Sundance solicited plaintiffs and sold them an interest in a timeshare under Chapter 707, Wis. Stats.

13

84. Sundance breached its obligation of good faith in making and performing its contract with plaintiffs, in violation of § 707.07, Wis. Stats.

85. Sundance gave plaintiffs documents in which it stated that plaintiffs had no right of cancellation, in violation of §§ 707.05 and 707.47, Wis. Stats.

86. Sundance attempted to vary or waive plaintiff's rights under Chapter 707 and Chapter 423, Wis. Stats, in violation of § 707.05, Wis. Stats.

87. Sundance's acts and omissions and contract were unconscionable under § 707.06, Wis. Stats.

88. Sundance failed to provide plaintiffs with a contract meeting the minimum requirements of § 707.46, Wis. Stats.

89. Sundance failed to provide plaintiffs with a timeshare disclosure statement, in violation of §§ 707.41, 707.42, 707.43, and 707.47, Wis. Stats.

90. Sundance engaged in various advertising and sales practices prohibited under the Wisconsin Timeshare Act, including without limitation:

    A. Making false or misleading statements, in violation of § 707.55, Wis. Stats.

    B. Making statements, assertions or representations that the discount and price was only available to plaintiffs for the remainder of the day on which they were made, in violation of § 707.55(2), Wis. Stats.

    C. Making representations of material fact which were inconsistent with

14

or contradictory to the terms or provisions of the purchase contract or materials provided with the purchase contract, in violation of § 707.55(6), Wis. Stats.

D.    Failing to disclose that timeshares were offered for sale at the beginning of the initial contact with plaintiff, in violation of § 707.55(8), Wis. Stats.

E.    Failing to include the required advertising disclosure, in boldface type, on a printed advertising material, including a gift, award, or prize, in violation of § 707.55(9), Wis. Stats.

F.    Failing to comply with § 100.171, Wis. Stats., in violation of § 707.55(10), Wis. Stats.

G.    Requesting plaintiffs to enter into an agreement that requested that they certify the absence of a misrepresentation or other violation of § 707.55, in violation of § 707.55(11).

91.    Sundance failed and refused to honor plaintiffs' cancellation notice at any time.

92.    Sundance has failed to refund plaintiffs' payments as is required under the Wisconsin Timeshare Act and the Wisconsin Consumer Act.

93.    Sundance has violated § 707.47, Wis. Stats.

15

94.     Upon information and belief, Sundance violated other provisions of the Wisconsin Timeshare Act relating to plaintiffs.

95.     Plaintiffs are entitled to the remedies and penalties of § 707.57, Wis. Stats., including without limitation, damages, injunctive and declaratory relief, cancellation, specific performance, and rescission, as well as costs and reasonable attorney's fees of the action.

### Claim No. 4 -Wisconsin Consumer Act Violations

96.     Plaintiffs reallege and incorporate by reference all of the allegations of the preceding paragraphs.

97.     The purchase agreement between the parties was a "consumer credit transaction" under § 421.301(10) of the Wisconsin Consumer Act.

98.     The finance charge on the June 25, 2008 contract was $3,160.32.

99.     Sundance's contract contained an illegal attorney fee provision contrary to § 422.411, entitling each plaintiff to an additional $1,000.00 as statutory damages, plus costs and reasonable attorney's fees, pursuant to §§ 422.411(1) and (3) and 425.304, Wis. Stats.

100.    Upon information and belief, Sundance's contract had an illegal definition of "default," contrary to that provided by statute in § 425.103, Wis. Stats.

101.    Sundance's contract contained an illegal provision for the collection of default charges, contrary to § 422.413, entitling each plaintiff to an additional $1,000.00

16

as statutory damages, plus costs and reasonable attorney's fees, pursuant to §§ 422.413(1) and (3) and 425.304, Wis. Stats.

102.     Upon information and belief, Sundance has furnished adverse credit information about plaintiffs to credit reporting agencies.

103.     Given that plaintiffs properly canceled their contract(s) with Sundance, any adverse credit information being reported about plaintiffs relating to the transaction at issue is false.

104.     Plaintiffs are entitled to have the Court order Sundance to take steps to remove any adverse credit information, via a Universal Data Form sent by Sundance or its agents to any credit reporting agency to whom it has furnished negative credit information about plaintiff.

105.     Sundance failed and refused to give plaintiffs a copy of the second or modified contract, negotiated in or about October 2009 ("the October 2009 contract"), despite their request and despite Sundance's obligation to provide a copy under the Wisconsin Consumer Act.

106.     With respect to the October 2009 contract, Sundance violated §§ 422.301 and 422.302(1), Wis. Stats., by failing to have a written contract with plaintiffs, entitling each plaintiff to the $1,000.00 statutory damages of § 425.304(1), Wis. Stats.

107.     With respect to the October 2009 contract, Sundance violated §§ 422.301 and 422.302(2), Wis. Stats., by failing to disclose all information required by Chapter 422

17

of the Wisconsin Consumer Act before the contract was consummated, entitling each plaintiff to the $1,000.00 statutory damages of § 425.304(1), Wis. Stats.

108. With respect to the October 2009 contract, Sundance violated §§ 422.301 and 422.302(3), Wis. Stats., by failing to provide either of the plaintiffs with an exact copy of each document evidencing plaintiffs' obligation on the second or modified contract, entitling each plaintiff to the $1,000.00 statutory damages of § 425.304(1), Wis. Stats.

109. With respect to the October 2009 contract, Sundance violated §§ 422.301 and 422.303, Wis. Stats., by failing to provide any of the form requirements on the second or modified contract, entitling each plaintiff to the $1,000.00 statutory damages of § 425.304(1), Wis. Stats.

110. As part of the June 25, 2008 transaction, Sundance induced, encouraged, or otherwise permitted Ali Kopyt-Knutson to sign a credit card application containing blank spaces to be filled in after it was signed, in violation of the prohibition of blank writings in § 422.304, Wis. Stats., entitling this plaintiff to the $1,000.00 statutory damages of § 425.304(1), Wis. Stats.

111. Upon information and belief, Sundance violated other provisions of the Wisconsin Consumer Act with respect to plaintiff.

112. Sundance has continued to try to collect payments from plaintiffs after cancellation, knowing or with reason to know that plaintiffs have canceled their contract

18

and that plaintiffs do not owe Sundance any money.

113. Sundance's continued collection from plaintiffs constitutes a claim or attempt to enforce a right with reason to know that the right does not exist, in violation of § 427.104(1)(j), Wis. Stats.

114. Plaintiffs each are entitled for Sundance's debt collection violations of Chapter 427, the remedies of §§ 427.105 and 425.304, which provide for actual and statutory damages, including damages for emotional distress or mental anguish with or without accompanying physical injury.

115. The June 25, 2008 contract contained provisions for "default" which were in violation of § 425.103, entitling each plaintiff to the remedies and penalties of § 425.302, Wis. Stats.

116. Upon information and belief, Sundance violated other provisions of the Wisconsin Consumer Act with respect to the plaintiffs.

117. The plaintiffs' transactions with Sundance, as well as Sundance's conduct, and the result of the transactions were unconscionable, within the meaning of and under one or more provisions of § 425.107, Wis. Stats., entitling plaintiffs to all of the remedies provided under this statute.

118. Plaintiffs are entitled to all statutory remedies, as well as actual and punitive damages, plus their costs and reasonable attorney's fees in prosecuting this action.

19

## Claim No. 5 - Intentional Misrepresentation

119.   Plaintiffs reallege and incorporate by reference all of the allegations of the preceding paragraphs.

120.   Defendant's misrepresentations were made to induce plaintiffs to enter into a contract with defendant, and plaintiffs relied to their detriment upon those material and fraudulent misrepresentations.

121.   The contract is voidable by reason of the above described material and fraudulent misrepresentations.

122.   Defendant made the misrepresentations maliciously and in an intentional disregard of plaintiff's rights.

123.   Plaintiffs are entitled to recover actual and punitive damages from defendant in an amount to be determined at trial.

WHEREFORE, plaintiffs pray that judgment be entered in their favor against defendant awarding them:

A.   Compensatory damages to be determined at trial;

B.   Statutory damages;

C.   Punitive damages pursuant to § 895.85, Stats., to be determined at trial;

D.   A declaration that defendant violated the above statutes and laws;

E.   A declaration that the contract is canceled, rescinded, void, and/or unenforceable against plaintiffs, including collection of any and all

maintenance fees or other fees or charges relating to the transaction;

F.      Injunctive relief barring the collection of any monies purportedly owed under the contract and requiring defendant to correct any adverse credit information they may have furnished regarding plaintiffs' credit history, without deleting positive credit relating to the transaction;

G.      Actual costs and actual reasonable attorney's fees;

H.      Statutory pre-judgment interest; and

I.      For such other and further relief as the Court deems just and proper.

## JURY DEMAND

**Plaintiffs demands a trial by jury of twelve.**

Dated this 27th day of August, 2012.

Attorney for Plaintiffs

DeVonna Joy
SBN 1018939

Consumer Justice Law Center, LLC
S74 W17065 Janesville Rd.
PMB 256
Muskego, WI 53150
(Federal Express or UPS only please)
OR
Consumer Justice Law Center, LLC
P.O. Box 51
Big Bend, WI 53103-0051
Phone:  262- 662-3982

Fax: 262-682-4553 (by permission only; phone first)
E-mail: djlaw@wi.rr.com

21

8/5/11
71-01-6